| | |
|---|---|
| 1 | SCOTT N. SCHOOLS (SCSBN 9990)<br>United States Attorney |
| 2 | |
| 3 | W. DOUGLAS SPRAGUE (CSBN 202121)<br>Chief, Criminal Division |
| 4 | SUSAN KNIGHT (CSBN 209013)<br>Assistant United States Attorney |

**E-FILED**

**FILED**

JUL 23 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5056
FAX: (408) 535-5066
Susan.Knight@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR MACEDO-ESTRADA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 07-00439 RMW<br><br>STIPULATION AND [~~PROPOSED~~] *AS* ORDER EXCLUDING TIME<br><br>SAN JOSE VENUE |

On July 12 2007, the parties in this case appeared before the Court for an arraignment. After the defendant was arraigned and entered a plea of not guilty, the parties jointly requested that the case be placed on Judge Whyte's calendar on August 20, 2007. Assistant United States Attorney Susan Knight then explained that the government needed to provide discovery to Assistant Federal Public Defender Lara Vinnard and requested an exclusion of time under the Speedy Trial Act from July 12, 2007 to August 20, 2007. The defendant, through AFPD Vinnard, agreed to the exclusion. The undersigned parties agree and stipulate that an exclusion of time is appropriate based on the defendant's need for effective preparation of counsel.

//

| | | |
|---|---|---|
| 1 | SO STIPULATED: | SCOTT N. SCHOOLS<br>United States Attorney |
| 2 | | |
| 3 | DATED: 7/17/07 | /s/<br>SUSAN KNIGHT<br>Assistant United States Attorney |
| 5 | DATED: 7/17/07 | /s/<br>LARA S. VINNARD<br>Assistant Federal Public Defender |

Accordingly, for good cause shown, the Court HEREBY ORDERS that time be excluded under the Speedy Trial Act from July 12, 2007 to August 20, 2007. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

SO ORDERED.

DATED: 7-23-07

RICHARD SEEBORG
United States Magistrate Judge